[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14266
Non-Argument Calendar

_____

D. C. Docket No. 07-14034-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOCCARA LATASHA LEWIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 17, 2008)**

Before BIRCH, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Toccara Latasha Lewis appeals her concurrent 37-month sentence after

pleading guilty to conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). We affirm.

## I. BACKGROUND

In January 2007, a multi-agency task force initiated a state-ordered wire tap on the cellular ("cell") phones of several individuals suspected of cocaine trafficking, including Tommy Pennamon. The investigation had revealed that Pennamon was responsible for the distribution of cocaine in Indian River County, Florida, and that Alfred King was his cocaine supplier. On March 9, 2007, Pennamon called King to order 252 grams of cocaine and sent his girlfriend, Shavon Adams, to purchase the cocaine from King.

After obtaining the cocaine from King, Adams, who was driving, called Pennamon to tell him that she was on her way back and that appellant, Toccara Lewis, was with her. Lewis also talked with Pennamon and told him that they needed to be armed when they next obtained cocaine. Law enforcement followed their car to Martin County, Florida, and made a traffic stop. A search of the vehicle revealed cocaine in a plastic bag under the driver's seat that later was weighed at 250.8 grams. To avoid compromising the investigation, no arrests were made.

2

An intercepted cell-phone conversation occurred on March 10, 2007, between Pennamon and Lewis. Lewis told Pennamon that she did not want to talk on the cell phone because of the cocaine seizure by authorities. Lewis then gave the cell phone to Adams, who told Pennamon about the traffic stop the previous day and the cocaine seizure.

A grand jury returned a six-count indictment against Lewis and four other conspirators/defendants, including Adams. Lewis was indicted under Count Two, conspiracy to possess with intent to distribute cocaine, and Count Four, possession with intent to distribute cocaine. She pled guilty to both counts without a plea agreement.

Lewis's Presentence Investigation Report ("PSI") grouped the two crimes and set a base offense level of 20 calculated by the amount of cocaine attributed to her, 252 grams.[1] This level was reduced by two points because Lewis accepted responsibility and by an additional point because the government filed a motion stating that Lewis had assisted in the investigation. Consequently, she had a total offense level of 17. With five criminal history points and a criminal history category of III, Lewis's Sentencing Guidelines range was 30-37 months.

Lewis's counsel filed an objection to the PSI and argued that she deserved

---

[1] Lewis was held responsible for the total amount of cocaine Pennamon ordered from King, 252 grams, which was slightly more than the amount actually recovered, 250.8 grams.

either a four-level reduction as a minimal participant or a two-level reduction as a minor participant under U.S.S.G. § 3B1.2(a), (b) (2006). Defense counsel argued that Lewis was the least culpable of the coconspirators and that she had no knowledge of the scope or structure of the drug conspiracy. Counsel stated that this incident was an isolated situation during which she accompanied Adams because Adams was afraid to go alone. Defense counsel reiterated this objection at sentencing and pursued his argument that Lewis deserved at least a minor-role reduction.

The district judge overruled the objection because Lewis was sufficiently aware of the criminal activities of Pennamon and Adams to deny a minor-role adjustment. After considering Lewis's statements, the Sentencing Guidelines, and the statutory factors, the judge sentenced Lewis to 37 months of imprisonment for each count, to be served concurrently. After sentencing, Lewis's counsel renewed her objection to the denial of a minor-role reduction. Defense counsel argues that the district judge erred by denying Lewis's request for a minor-role reduction in her sentence.

## II. DISCUSSION

On appeal, Lewis's counsel argues that she accompanied Adams only to obtain the cocaine because Adams was afraid and that there was no evidence that

Lewis was to be paid for accompanying Adams. Counsel maintains that Lewis played no role in the larger criminal enterprise and that the criminal conduct would have occurred had she not been present. Therefore, her counsel argues that Lewis's involvement was not essential to the completion of the crime, which entitled her to a minor-role reduction in her sentence.

"This Court has long and repeatedly held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The defendant "bears the burden of proving the mitigating role in the offense by a preponderance of the evidence." Id. at 939. The determination of the defendant's role lies within the sound discretion of the trial judge. Id. at 945. The judge, however, is not required to make any specific factual findings to determine the defendant's role in the crime. Id. at 939.

The Sentencing Guidelines permit a sentencing judge to decrease a defendant's offense level by two points if the judge finds that the defendant was a "minor participant" in the criminal activity. U.S.S.G. § 3B1.2(b). In determining whether a minor-role reduction is warranted, a district judge "should be informed by two principles discerned from the Guidelines." De Varon, 175 F.3d at 940. First, the judge "must measure the defendant's role against the relevant conduct for

5

which she was held accountable at sentencing." Id. at 945. Relevant conduct is the conduct upon which a defendant's base offense level is calculated. Id. at 941. We have held that the district judge must determine if the defendant played a minor role in the relevant conduct attributed to her, "not a minor role in any larger criminal conspiracy" for which the defendant was not held accountable. Id. at 944. We have recognized "that in many cases this method of analysis will be dispositive." Id. at 945.

Under the second part of the De Varon analysis, the judge "may also measure the defendant's role against the other participants, to the extent that they are discernable, in that relevant conduct." Id. at 945. Significantly, "a defendant is not automatically entitled to a minor role adjustment merely because she was somewhat less culpable than the other discernable participants." Id. at 944. Instead, the judge "must determine that the defendant was less culpable than *most other participants* in her relevant conduct." Id. Statements in a PSI to which no objection is raised are deemed admitted. United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005).

Lewis did not challenge any factual allegation in her PSI; consequently, those facts are admitted. Id. With regard to the first part of the De Varon analysis, Lewis was held accountable only for the conduct that could be attributed to her.

6

De Varon, 175 F.3d at 945. The PSI held Lewis accountable for the 252 grams of cocaine that Pennamon ordered for that transaction, 250.8 of which were seized during the traffic stop in which she was a passenger in Adams's car. Lewis was not held responsible for all of the conduct of the criminal enterprise; other participants in the enterprise were charged with possession of up to 1,512 grams of cocaine related to transactions in which they were involved.

Additionally, the district judge found that Lewis knowingly accompanied Adams on the unlawful cocaine transaction. In a cell-phone conversation after the cocaine was purchased, Pennamon asked Lewis if she knew what to do, and she responded that they were driving the speed limit with their seat belts fastened. She also said that she would bring a gun for the next transaction. The day after the traffic stop, Lewis spoke with Pennamon and informed him of the stop, stated that she did not want to talk on the cell phone, and told him that the cocaine had been seized by authorities. There is sufficient evidence in the record to support the district judge's holding that Lewis's role was not minor in the cocaine transaction in which she was involved.

Under the second part of the De Varon analysis, a sentencing judge may measure a defendant's culpability in comparison to that of other participants in the relevant criminal activity. De Varon, 175 F.3d at 945. Lewis's conduct was

essentially identical to that of Adams, her coconspirator. On behalf of Pennamon, Adams drove to meet King to purchase 252 grams of cocaine and to transport it to Pennamon. Lewis knowingly accompanied Adams for the cocaine transaction, stated that she would bring a gun the next time, and that she knew how to act while transporting the cocaine. The day following the traffic stop, both Lewis and Adams spoke with Pennamon, who was directing them, to warn him that the cocaine had been seized by authorities. There is sufficient evidence in the record to support the district judge's finding that Lewis's role was not minor when compared to the other participants because her role was virtually the same as that of coconspirator Adams.

"[A] trial court's choice between 'two permissible views of the evidence' is the very essence of the clear error standard of review." Id. (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 574, 105 S.Ct. 1504, 1511 (1985)). Because the record shows that Lewis's involvement was more than simply accompanying Adams during the drug transaction and not significantly different from her coconspirator with whom she was traveling when the authorities detained them, the district judge properly could have found that Lewis played more than a minor role. There was no clear error in this determination.

Lewis's counsel further has argued that she deserves a minor-role reduction

8

because there is no evidence of her previous involvement with the subject criminal enterprise. We have held, however, that the district judge must determine if the defendant played a minor role in the relevant conduct, not a minor role in the larger criminal conspiracy for which the defendant was not held accountable. Id. at 944. Because Lewis was held accountable only for the cocaine related to the traffic stop, she must establish that she played a minor role compared to her coconspirators with regard to the possession of the 252 grams of cocaine. Her conduct relative to the participants in the larger conspiracy for which she was not charged is irrelevant. Id. Therefore, the district judge did not clearly err in denying Lewis a minor-role reduction in her sentence.

### III. CONCLUSION

Lewis has appealed her sentence for conspiracy to possess with intent to distribute and possession of cocaine because she contends that she was entitled to a minor-role reduction. Since the record supports the district judge's finding that Lewis played more than a minor role in the cocaine transaction, and she was held accountable only for her relevant conduct, the district judge did not clearly err in denying her a minor-role reduction. Accordingly, her sentence is **AFFIRMED**.